**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0559n.06

No. 16-2575

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 06, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JIMMY RENEE CRUZ, JR., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **Defendant-Appellant.** | ) | **OPINION** |
| | ) | |

**BEFORE: NORRIS, MOORE, and STRANCH, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** Jimmy Renee Cruz, Jr., entered into a conditional guilty plea to two counts of a three-count indictment. He pleaded guilty to one count of possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1), and one count of possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). In exchange for his plea, the government agreed to dismiss the third count, 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). He was subsequently sentenced to a 123-month term of imprisonment.

On appeal he challenges the denial of his motion to suppress the results of a search of his hotel room. He also contends that his sentence is substantively unreasonable. We find no merit in either contention and therefore affirm the judgment of the district court.

**I.**

The plea agreement contains the following stipulations:

On March 19, 2015, Jimmy Cruz was a fugitive, wanted for absconding on parole as well as being sought on six outstanding criminal cases for which warrants had been issued. On that same date, a Kalamazoo Police Officer saw

Cruz driving a new white Nissan Altima with Illinois license plates within one mile of the Red Roof Inn in Kalamazoo. The officer had earlier communicated to his fellow officers that a confidential informant had told him within the last week that Cruz was living at and selling drugs from a room at the Red Roof Inn. *Cruz disputes, however, that the officer truly had that information.*

On March 19, 2015, other officers of the Kalamazoo Police Department drove through the parking lot of the Red Roof Inn and saw a new white Nissan Altima with Illinois license plates parked outside room 129. The staff at the Inn reported that Cruz had rented room 129 using a different name. The officers checked Cruz's criminal history and noted that he was on parole for a felony drug offense and had prior drug convictions; they also confirmed the existence of the arrest warrants. The officers then observed Cruz exit room 129 and enter the white Nissan. Several police officers in clearly marked uniforms attempted to apprehend Cruz, but he was able to put the vehicle in gear and then drive in a reckless and highly dangerous fashion during which he escaped pursuing police officers. . . .

Two of the officers who had attempted to arrest Cruz could smell the distinctive odor of marijuana emanating from within Room 129 immediately after Cruz had exited it. A certified K-9 drug detection dog also alerted outside Room 129 and did not alert outside nearby rooms. Officers obtained a search warrant for Room 129. When officers executed the search warrant they recovered 29 grams of a mixture containing heroin, a stolen, loaded Bersa .380 caliber semiautomatic pistol, serial Number 546718, approximately $5,400 in cash and a small quantity of marijuana. The heroin and the pistol were found together within the room's safe.

By his guilty plea, Cruz admits that he possessed the heroin in Room 129 with the intent to distribute it to others. Cruz also admits that the firearm was possessed by him in furtherance of his drug trafficking activities, specifically his possession with the intent to distribute the heroin alleged in Count One and that the firearm had travelled in and affected interstate commerce.

(Page ID 328-29) (emphasis added).

Despite these stipulations, there is one troubling aspect of the investigation that led to this prosecution: defendant and Kalamazoo Sergeant Derrick Turner, who is the officer alluded to in the italicized sentence quoted above, were both allegedly involved with a woman named Desiree Downing. While Sergeant Turner did not submit the affidavit in support of the warrant to search defendant's hotel room, the officer who did, Justin Wolbrink, included the following statement in the affidavit:

> Within the past week, Sgt. Turner from Kalamazoo Public Safety received information from a confidential informant that Jimmy Renee Cruz Jr. 10/31/80, was staying at the Red Roof Inn on West Michigan Avenue in Kalamazoo in Room 229. The informant also advised that there was heavy drug trafficking occurring from the same room.

(Page ID 55.) Given Sergeant Turner's alleged personal animus against defendant, counsel argues that the affidavit is suspect and that the district court should have permitted a *Franks* hearing.[1]

A motion to suppress was filed on behalf of the defendant. While the motion did not request a *Franks* hearing, the district court addressed the issue and concluded that a *Franks* hearing was not warranted. It then denied the motion to suppress. Its reasoning is summarized below.

New counsel subsequently filed a motion for reconsideration of the denial of the earlier motion to suppress. The motion included information purporting to document Sergeant Turner's romantic involvement with Ms. Downing. The district court again denied relief.

## II.

**Motion to Suppress**

We review the denial of a motion to suppress for clear error as to factual findings and de novo as to conclusions of law. *United States v. Brown*, 732 F.3d 569, 572 (6th Cir. 2013). The denial of a *Franks* hearing is reviewed under the same standard. *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008) (quoting *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001)). We view the evidence "in the light most likely to support the district court's decision."

---

[1] *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) ( "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.").

*United States v. Garcia*, 496 F.3d 495, 502 (6th Cir. 2007) (quotation omitted). We also owe great deference to a magistrate's determination of probable cause. *Brown*, 732 F.3d at 573.

On appeal, defendant argues that he was entitled to a *Franks* hearing because he made a substantial showing that the affidavit in support of the warrant at issue included a false statement, made knowingly or intentionally, or with reckless disregard for the truth. *Franks*, 438 U.S. at 155-56. In his view, the information provided by the confidential informant about drug trafficking at the Red Roof Inn lacked probative value because there was nothing to establish either his veracity or past reliability. And, as already explained, Sergeant Turner's own objectivity was suspect because of his alleged involvement with Ms. Downing.

In denying the motion to suppress, the district court offered this reasoning:

> Cruz has failed to satisfy the threshold requirement of making a substantial preliminary showing that there was a false statement in the affidavit. Although Cruz surmises that Turner fabricated the tip from the confidential informant, he provides no basis for such assertion. Even if Turner was involved in a "love triangle" as Cruz asserts, that fact alone is not enough to show that Turner fabricated any information. Moreover, Wolbrink, and not Turner, filed the affidavit with the state-court judge. Even if Turner lied about the confidential tip, there is no basis to believe that Wolbrink knew or should have known that the information was false.

(Page ID 76.) The court also observed that a *Franks* hearing was not needed because "there was sufficient information in the affidavit to support probable cause apart from any allegedly false information." *Id.* We agree with the district court's reasoning, particularly its finding that probable cause had been sufficiently established without the information provided by the anonymous informant. Officer Wolbrink included in his affidavit the following untainted information: officers confirmed that defendant was staying in Room 129; they knew of his outstanding arrest warrants and the fact that he had absconded from parole; he fled the scene when approached; and a drug detection dog alerted outside Room 129. These factors definitively

establish probable cause particularly given the deference that we accord the magistrate's determination. *Brown*, 732 F.3d at 573.

**Was the Sentence Substantively Unreasonable?**

We review challenges to a sentence based upon substantive reasonableness for an abuse of discretion. *United States v. Wright*, 747 F.3d 399, 413 (6th Cir. 2014). When, as here, the sentence falls within the guidelines range, it is presumed to be reasonable. *Id.* (citing *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc)). A sentence is substantively unreasonable "if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *Id.* (quoting *United States v. Camiscione*, 591 F.3d 823, 832 (6th Cir. 2010)).

Defendant does not argue that his sentence was based upon an impermissible factor nor does he fault the district court for giving undue weight to "any pertinent factor." Rather, he contends that, despite his extensive criminal history, he has never faced a sentence of even two years. In his view, the current sentence is simply too long. While, as a public policy matter, one could argue that the federal drug laws at times impose excessively long sentences, they have not been found legally wanting. In the instant case, the district court imposed a sentence at the low end of the guidelines range. The sentence imposed was substantively reasonable.

**III.**

The judgment is **affirmed**.